# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :        Case No. 3:08-cr-175

                                  District Judge Thomas M. Rose
   -vs-                             Magistrate Judge Michael J. Newman
                              :

JEREMY E. LEWIS,

       Defendant.

---

## DECISION AND ORDER

---

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 124) and ancillary motions for bond (Doc. No. 125) and recusal (Doc. No. 126).

### Motion to Recuse

Defendant's Motion to Recuse is made under 28 U.S.C. § 455. Motions to recuse under §455 are to be decided in the first instance by the judicial officer sought to be disqualified. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly

1

that subjective view is held. *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003)*;Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540 (1994); *see also Alley v. Bell*, 307 F. 3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard).

Mr. Lewis argues the Court should recuse itself because of a bias against a class of people -- "bank robbers on parole in Ohio" – which he believes improperly influenced the decision on the suppression motion in this case and would also influence a decision on the § 2255 Motion. He does

not point to any extrajudicial source for that alleged bias, but instead cites to the Court's reasoning in three cases: *United States v. Lewis*, 672 F. Supp. 2d 827 (S.D. Ohio 2009)(this case); *United States v. Douds*, 2009 U.S. Dist. LEXIS 66729 (S.D. Ohio Jul. 21, 2009); and *United States v. Black*, 2008 U.S. Dist. LEXIS 3811 (S.D. Ohio Jan. 2, 2008).

In the *Black* case, Lajuan and Dion Black were co-defendants on electronic home detention at Apartment 301, 1907 Fairport Avenue in Dayton, being monitored by this Court's Pre-trial Services Department. Dion Black was on parole to the Ohio Adult Parole Authority, after serving imprisonment time for two counts of aggravated robbery. The Court found that his parole officer had reasonable suspicion to believe that she would find evidence of violations of the law and of his conditions of parole because he had (1) moved from his last known address without providing notice, (2) failed to report as required, and (3) tested positive for illicit substances on a recent drug test. This Court overruled the motion to suppress, relying on *Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed. 2d 709 (1987), and *United States v. Payne*, 181 F.3d 781 (Sixth Cir. 1999).

In the *Douds* case, defendant was indicted for armed bank robbery[1] with firearm and crack cocaine counts. The Court held that, as a parolee, Douds was subject to suspicionless search, relying on *Samson v. California,* 547 U.S. 843 (2006), and *United States v. Smith,* 526 F.3d 306 (6th Cir. 2008), and overruled the motion to suppress.

In this case, the Court followed *Douds* in holding that it is not a federal constitutional violation for any peace officer to search a parolee so long as the purpose of the search is not mere harassment. 672 F. Supp. 2d at 834. The motion to suppress was denied on this basis, on the basis that there were exigent circumstances supporting the search, and under the inevitable discovery

---

[1] Although Douds was charged with armed bank robbery in this Court, the opinion does not sow that he was on parole for bank robbery. Thus Douds is not a member of the class "bank robbers on parole in Ohio" unless Defendant intends the class to include persons on parole in Ohio who are accused of bank robbery.

3

doctrine in that Vandalia Municipal Judge Cynthia Heck was about to issue a search warrant for the same premises. *Id.* at 834-835.

In all three cases the motions to suppress were denied. The supposed "conscience-shocking" inconsistency is that in *Black* this Court held the parole officer has to meet the reasonable suspicion standard of Ohio Revised Code § 2967.131 whereas in the two later cases, the Court found that statute inapplicable. In the *Black* case, the Court relied on older Supreme Court authority, *Griffin v. Wisconsin, supra*, which had been decided in 1987. By the time it decided the motions to suppress in *Douds* and in this case, the Court had available to it the more recent Supreme Court decision in *Samson* from 2006. The *Samson* decision is more permissive with respect to parolee searches than *Griffin*, an aspect of the case which caused Justices Stevens, Souter, and Breyer to dissent. There is no doubt that *Samson* is the controlling law on this question and has been since it was handed down in June, 2006. Thus this Court could have relied on *Samson* in upholding the search in *Black*, but did not have to go that far, since the search in *Black* was permissible under the older, narrower approach of *Griffin*.

Furthermore, Defendant would not have been entitled to have his motion to suppress granted even if *Griffin* were still the law, because there was good reason to suspect (indeed probable cause to believe) evidence of Defendant's violation of law and therefore of his parole would be found in the Forest Park Drive address.

The differences between *Black* on the one hand and *Douds* and *Lewis* on the other would not cause a reasonable person to suspect that this Court is biased against those accused of armed bank robbery who are on parole or in favor of accused armed crack dealers, the charges against Dion and Lajuan Black. Therefore the Motion to Recuse is DENIED.

**Merits of the § 2255 Motion**

Rule 4 of the Rules Governing § 2255 Motions provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Judgment was entered in this case on March 19, 2010 (Doc. No. 112). "Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Lewis had 14 days, or until April 2, to file a notice of appeal. No appeal was filed within that time." *United States v. Lewis*, No. 10-3911 (6th Cir. Dec. 8, 2010)(copy at Doc. No. 121). Under 28 U.S.C. § 2255(f), there is a one-year period of limitation on § 2255 motions which runs from the date the judgment of conviction becomes final. In this case, that is April 2, 2010, the last date on which a notice of appeal could be validly filed. Defendant did not file his § 2255 Motion until August 23, 2011.

Mr. Lewis has left blank the "timeliness" portion of his § 2255 Motion. In his July 22, 2011, earlier filing of his Motion for Recusal, Mr. Lewis claims that he voluntarily dismissed his appeal on October 15, 2010, and that therefore his one year in which to file does not expire until October 15, 2011 (Doc. No. 123). In this he is in error. An untimely notice of appeal does not stay or re-start the statute of limitations.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Because the § 2255 Motion is barred by the statute of limitations, it is DISMISSED WITH PREJUDICE.  Defendant's Motion for Bail is DENIED AS MOOT.


August 26, 2011.                                                         **s/ Thomas M. Rose**
                                                                              Thomas M. Rose
                                                                         United States District Judge