# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,               :        Case No. 3:08-cr-175
                                         also 3:11-cv-299

                                         District Judge Thomas M. Rose
   -vs-                                Magistrate Judge Michael R. Merz
                                :

JEREMY E. LEWIS,

    Defendant.

## DECISION AND ORDER ON MOTION FOR CLARIFICATION

This case is before the Court on Defendant's Motion for Clarification of the Notation Order denying his Motion to Vacate (Doc. No. 138). Defendant notes that the Motion in question sought (1) to have the Court vacate its August 26, 2011, Decision and Order dismissing this § 2255 action on statute of limitations grounds and (2) to amend his § 2255 Motion to add a new ground for relief.

The Court now clarifies that the Notation Order applied to both branches of the Motion to Vacate.

### Statute of Limitations

Regarding Defendant's claim that the dismissal on statute of limitations grounds was made without appropriate notice, the standard form for § 2255 motions, prescribed by the Rules Governing § 2255 Motions, provides at § 18: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as

1

contained in 28 U.S.C. § 2255 does not bar your motion." Defendant has left this section of the Motion completely blank (See Doc. No. 124, PageID 1183.) Thus he was given an opportunity to explain timeliness at the filing and failed to do so.

Defendant relies on *Day v. McDonough*, 547 U.S. 198 (2006), for the proposition that a habeas petitioner must be given notice when a court raises the limitations issue *sua sponte* after it has not been raised by the respondent. However, the Supreme Court also noted that district courts are obliged under the sets of rules applicable to habeas actions under both § 2254 and § 2255 to consider the petition or motion promptly on filing and only order an answer if the face of the petition or motion and other records on file do not show the petitioner or movant is not entitled to relief. Unlike *Day*, this is not a case where respondent was ordered to answer and did not raised the statute of limitations defense, only to have it raised by the court *sua sponte* later. Rather in this case the records of this Court and the fact of the Motion showed the statute of limitations had expired.

**Motion to Amend**

In the same Motion denied by the Notation Order, Mr. Lewis sought to amend his § 2255 Motion to add an ineffective assistance of trial counsel claim on account of his trial attorney's failure to file a timely notice of appeal (Doc. No. 136, PageID 1300-1306.) Mr. Lewis argues that this new claim "relates back" to the time of filing his original § 2255 Motion. However, even if that is true under the relevant precedent, a point this Court does not consider, relation back under Fed. R. Civ. P. 15(c) is of no assistance when the original filing was itself untimely.

December 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge