# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,             :        Case No. 3:08-cr-175
                                                      also 3:11-cv-299

                                                      District Judge Thomas M. Rose
     -vs-                                Magistrate Judge Michael R. Merz
                                          :

JEREMY E. LEWIS,

       Defendant.

---

### REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY ON DENIAL OF MOTION TO AMEND § 2255 MOTION

---

This case is before the Court on Defendant's Defendant's Motion for a Certificate of Appealability of the Denial of Motion to Amend 2255 Petition (Doc. No. 143).

Mr. Lewis filed his original Motion to Vacate under 28 U.S.C. § 2255 on August 23, 2011 (Doc. No. 124). The Court denied that Motion on August 26, 2011, noting that the Motion was untimely filed (Doc. No. 127). On November 10, 2011, Lewis filed a paper including a motion for relief from judgment under Fed. R. Civ. P. 60(b) and a motion to add a claim of denial of effective assistance of appellate counsel for failure to file a timely notice of direct appeal of his conviction (Doc. No. 136). On November 14, 2011, District Judge Rose filed a notation order denying Doc. No. 136 in its entirety. On December 5, 2011, Mr. Lewis filed a Motion for Clarification (Doc. No. 138) asking if the notation order applied to both branches of his November 10, 2011, motion. On December 23, 2011, the Magistrate Judge "clarified" that the notation order did apply to both branches (Doc. No. 140). By separate Entry, Mr. Lewis has been granted an extension of time to file a notice of appeal from that decision and presumably intends to do so. Assuming he does so,

he should not be granted a certificate of appealability for that appeal.

As provided in 28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

The Rule codifies prior practice in the Sixth Circuit. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347

(1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

The Motion to Amend was denied because the claim it attempted to add was untimely, i.e., barred by the one-year statute of limitations applicable to motions to vacate under 28 U.S.C. § 2255.

(Decision and Order on Motion for Clarification, Doc. No. 140, PageID 1317.) Even assuming that it related back to the claims made in the original Motion, it would not survive the statute of limitations because the original Motion was untimely. *Id.*

Mr. Lewis' added claim was that his attorney did not file a timely notice of direct appeal despite instructions to do so. He now asserts that claim is timely because filed within one year of the date on which he discovered the facts supporting his claim. But that is not so. He now says he received information from his appellate attorney at the end of August, 2010, that no direct appeal had been filed (Doc. No. 143 at PageID 1334.) He expressly admits that "the date Mr. Lewis found no appeal was filed was in August, 2010..." *Id.* at PageID 1335.

He now says he was entitled to further delay beyond that date because the time runs from the date on which the facts supporting the claim would have been made in the exercise of due diligence. But he never explains how that date could possibly be later than the date he actually learned the supporting facts.

Lewis relies on *Humphreys v. United States*, 238 Fed. Appx. 134 (6th Cir. June 29, 2007), but that case does not stand for the proposition that the actual date of discovery is not controlling when, absent actual discovery, a 2255 movant might not have found out the relevant facts for some additional time. Humphreys actually received the relevant information within sixty days before filing his motion; the question was whether he should have discovered it earlier "in the exercise of due diligence."

Furthermore, even if Lewis' initial Motion to Vacate had been timely (i.e., if the one year statute had run between August 23, 2011, and November 10, 2011), the added claim would still be untimely because it does not relate back to the original claims. "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). The added claim simply does not proceed from facts of the same type or occurring at the same time as the facts supporting the original claims.

It is therefore respectfully recommended that Mr. Lewis be denied a certificate of appealability on the denial of his motion to amend.

January 9, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).