# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,    :    Case No. 3:08-cr-175
                              also 3:11-cv-299

                              District Judge Thomas M. Rose
    -vs-                         Magistrate Judge Michael R. Merz
                              :

JEREMY E. LEWIS,

    Defendant.

## SUPPLEMENTAL OPINION ON THIRD MOTION TO AMEND

This case is before the Court on Defendant's Objections (Doc. No. 152) to the Magistrate Judge's Decision and Order Denying Third Motion to Amend (Doc. No. 152).

### Procedural History of the § 2255 Motion

Defendant filed his § 2255 Motion on August 23, 2011 (Doc. No. 124). The Motion was dismissed with prejudice on August 26, 2011 (Doc. No. 127). The Decision did not address appealability, and Lewis filed Motions for a Certificate of Appealability and to Appeal *in forma pauperis* on October 3 and 6, 2011 (Doc. Nos. 132, 133). The Court denied both Motions on October 7, 2011 (Doc. No. 134) and Lewis filed a Notice of Appeal on October 17, 2011 (Doc. No. 135). That appeal is still pending in the Sixth Circuit under its Case No. 11-4110.

On November 1, 2011, Lewis filed a motion to vacate under Fed. R. Civ. P. 60(b) conjoined with a motion to amend to add a claim of ineffective assistance of trial counsel (Doc. No. 136). That

motion was denied in its entirety by notation order on November 14, 2011. Lewis followed with a Motion for Certificate of Appealability and for Leave to Appeal *in forma pauperis* as to the denial of the 60(b) motion (Doc. No. 137). The Magistrate Judge has filed two Reports and Recommendations on that Motion (Doc. Nos. 141, 144). Lewis filed a separate Motion for Certificate of Appealability on denial of the motion to amend which was part of Doc. No. 136 (Doc. No. 143) which the Magistrate Judge has recommended be denied (Doc. No. 146).

Lewis made a new Motion to Amend on January 11, 2012 (Doc. No. 147) which the Magistrate Judge denied the same day (Doc. No. 148). Lewis made no objection to that decision, but instead filed a Third Motion for Leave to Amend on January 25, 2012 (Doc. No. 151) which the Magistrate Judge denied (Doc. No. 152). It is to this last Decision that Lewis' current Objections (Doc. No. 153) are directed.

**Analysis of Objections**

Mr. Lewis objects that the Decision denying his Third Motion to Amend is a final judgment which Magistrate Judges have no authority to enter except in cases referred with consent under 28 U.S.C. § 636(c). On the contrary, no final judgment was entered on denial of the Motion to Amend. A motion to amend a pleading is a non-dispositive motion on which Magistrate Judges have authority to rule under 28 U.S.C. § 636(b), subject to appeal/objections to the assigned District Judge. Mr. Lewis is quite correct that there has been no consent in this case, but none is required for a Magistrate Judge to rule on a motion to amend.

Mr. Lewis is correct in his Objections when he says (PageID 1381) the Magistrate Judge

misstated his ineffective assistance claim as being for failure to file a notice of appeal[1]. In fact his claim is that his appellate attorney provided ineffective assistance when he did not anticipate in the summer of 2010 the argument made successfully in *United States v. Gaytan-Garza*, 652 F.3d 680 (6th Cir. 2011), that failure to file a timely notice of appeal is not jurisdictional, relying on *Bowles v. Russell*, 551 U.S. 205, 210-13 (2007); *Eberhart v. United States*, 546 U.S. 12, 15-16 (2005); and *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004). *Gaytan-Garza* overruled the Sixth Circuit's "established position that the time period set forth in Rule 4(b) is "jurisdictional." *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006)" 652 F.3d at 681 (6th Cir. 2011). *Gaytan-Garza* changed the law and held that Fed. R. App. P. 4(b) does not require the Court of Appeals "to dismiss late-filed criminal appeals unless the government has raised the issue..." *Id.*

Nevertheless, the amendment sought by Mr. Lewis would have been futile because it does not constitute ineffective assistance of appellate counsel to fail to anticipate a change in the law. *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), citing *Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001)(not ineffective assistance of appellate counsel to fail to anticipate *State v. Foster* in an appellate district which had ruled the other way.) *Accord, Carter v. Timmerman-Cooper*, 2010 U.S. App. LEXIS 10549 (6th Cir. May 25, 2010).

Mr. Lewis' second objection (PageID 1382) is on the merits of the Decision. The Magistrate Judge held that this Court could not grant a motion to amend while an appeal was pending (Doc. No. 152, PageID 1378). Mr. Lewis responds with citations to cases holding that untimeliness alone is not a sufficient reason to deny a motion to amend under Fed. R. Civ. P. 15. However, untimeliness was not the basis of the decision. Rather, when an appeal is taken, the District Court loses jurisdiction to grant an amendment. Filing a notice of appeal divests the District Court of

---

[1]Failure to file a timely notice of appeal was the basis of Mr. Lewis' second Motion to Amend.

jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

The Magistrate Judge also denied the Third Motion to Amend because

> [A]dding a new ground to a § 2255 motion to vacate by filing for relief from judgment is the legal equivalent of filing a second or successive motion to vacate. That cannot be done without the prior approval of the Court of Appeals because 28 U.S.C. § 2255(b) requires that approval.

(Decision, Doc. No. 152, PageID 1378.)

Mr. Lewis objects that he "has not filed a new 2255 petition, but only wished to bring forth a claim amending his 2255 petition with a claim that is timely under 2255(4). Thus defendant does not need an authorization to amend his 2255 petition." (Objections, Doc. No. 153, PageID 1384). However, in this case there is a final judgment denying the 2255 Motion. To file an amendment, Mr. Lewis must have the Court reopen that judgment. Motions to reopen a judgment to add claims thwart the prohibition on second or successive habeas corpus petitions and § 2255 motions without approval of the court of appeals that was adopted in the AEDPA. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

February 9, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
