**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:08-cr-175<br>also 3:11-cv-299 |
| **Plaintiff,** | |
| -v- | **Judge Thomas M. Rose**<br>**Magistrate Judge Michael R. Merz** |
| **JEREMY E. LEWIS,** | |
| **Defendant.** | |

---

**ENTRY AND ORDER OVERRULING LEWIS'S OBJECTIONS (Doc. #153) TO THE MAGISTRATE JUDGE'S DECISION AND ORDER (Doc. #152)**

---

This matter was a §2255 Motion brought pro se by Plaintiff Jeremy E. Lewis ("Lewis"). Final judgment dismissing Lewis's § 2255 Motion with prejudice was entered on August 26, 2011. (Doc. #127.) Lewis then appealed (doc. #135) and filed a Rule 60(b) motion to vacate that final judgment (doc. #136). The Rule 60(b) Motion has been overruled and Lewis has been denied a Certificate of Appealability of his Rule 60(b) Motion. (Doc. #156.) The appeal is still pending at the Sixth Circuit under Case No. 11-4110.

Lewis has also filed three motions to amend his § 2255 Petition. (Docs. #136, 147, 151.) All three have been denied. Lewis has been denied a Certificate of Appealability of the first of these motions. (Doc. #155.) Now before the Court is Lewis's Objections (doc. #153) to the denial (doc. #152) of his third motion to amend (doc. #151).

Magistrate Judge Merz denied Lewis's Third Motion To Amend because the decision on his initial § 2255 Petition is on appeal and because adding a new ground would be the equivalent of filing a second or successive § 2255 Petition which cannot be done without the prior approval

of the Court of Appeals. Lewis has objected to this denial. Magistrate Judge Merz has filed a Supplemental Opinion On Third Motion that more fully explains the denial. (Doc. #154.)

The Magistrate Judge's decision denying Lewis's Motion To Amend his § 2255 Petition is a non-dispositive order. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, this District Judge has reviewed the Magistrate Judge's factual findings and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law.

Therefore, Lewis's Objections to the Magistrate Judge's Decision and Order are OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Fourth Day of February, 2012.

                                            **s/Thomas M. Rose**

                                            THOMAS M. ROSE
                                   UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Jeremy E. Lewis at his last known address of record