# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,       :       Case No. 3:08-cr-175

                                  District Judge Thomas M. Rose
   -vs-                          Magistrate Judge Michael R. Merz

                            :

JEREMY E. LEWIS,

      Defendant.

## SUPPLEMENT TO REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No. 167). After the Magistrate Judge filed on June 21, 2012, a Report and Recommendations recommending the Motion be denied (Doc. No. 168), Mr. Lewis filed a Supplemental Motion in Support (Doc. No. 169). This Supplement addresses the arguments made by Mr. Lewis in his Supplement.

Count 2 of the Indictment in this case charges a violation of 18 U.S.C. § 924(c)(1)(A)(iii), carrying and discharging a firearm during and in relation to a crime of violence. Pursuant to the Plea Agreement, Mr. Lewis pled guilty to this Count and was sentenced to the mandatory minimum, ten years consecutive to his sentence on Count 1, the armed bank robbery charge.

In his Supplement, Mr. Lewis notes that there was another § 924(c)(1)(A)(iii) firearm charge in the Indictment, Count 4, which also charged him with actual discharge of the firearm during the robbery. He notes that a second or subsequent conviction under that section carries a sentence of 25 years to life. He understands that when a person who has pled guilty later raises an

actual innocence claim, he must show that he is also actually innocent of more serious charges the Government has dismissed as part of the plea, citing *Bousley v. United States,* 523 U.S. 614 (1998). He then proceeds to argue that he is not guilty of a second § 924(c) charge and could not have been sentenced to 25 years to life.

Mr. Lewis misunderstands the Indictment. Count 4 does not charge him with having been previously convicted of a § 924(c) violation and he was never at risk in this case of a conviction which would have carried that mandatory minimum 25 year sentence. Rather, the second actual discharge count was based on the fact that the firearm was fired twice, once to frighten all the bank customers and then once to attempt to persuade the teller to open the vault. Mr. Lewis has not proven his actual innocence of this charge: the Statement of Facts attached to the Plea Agreement plainly describes both firings of the firearm (Doc. No. 100, PageID 1073.)

Therefore Mr. Lewis has not proven actual innocence on Count 4. For this additional reason, the Motion for Relief from Judgment should be denied.

June 23, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).