# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,    :    Case No. 3:08-cr-175

                                    District Judge Thomas M. Rose
  -vs-                            Magistrate Judge Michael R. Merz
                            :

JEREMY E. LEWIS,

      Defendant.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT AND TO DISMISS PRIOR MOTION FOR RELIEF FROM JUDGMENT

---

This case is before the Court on Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), entitled "60(b) Motion for Equitable Tolling of the 2255 Statute [sic] of Limitation through 'Actual Innocence' of 18 U.S.C. 2113(e) Forced Accompaniment [to] Which Mr. Lewis Pled Guilty" (Doc. No. 183) and his Motion to Voluntarily Dismiss Prior Rule 60(b) from the Record (Doc. No. 184).

### Procedural Posture of the Motions

This is a post-judgment motion referred to a magistrate judge under 28 U.S.C. § 636(b)(3) and therefore requiring a report and recommended decision.

The judgment sought to be reopened is Judge Rose's Entry and Order of July 24, 2012, (Doc. No. 174) denying Mr. Lewis' Motion for Relief from Judgment under Fed. R. Civ. P.

1

60(b)(Doc. No. 167). That Entry and Order denied Lewis relief from the prior judgment of this Court denying his Motion to Vacate under 28 U.S.C. § 2255 on the grounds the Motion was barred by the one-year statute of limitations applicable to such motions since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

The instant Motion, like the prior 60(b) motion, is not prohibited as a second or successive § 2255 motion because it seeks to correct what it claims is an error in the Court's prior judgment. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Lewis seeks to withdraw the prior 60(b) Motion "voluntarily." It is far too late to do so after the prior Motion has been fully adjudicated in this Court and been the subject of an appeal. The Motion to Voluntarily Dismiss the prior 60(b) Motion should be denied as untimely filed.

## Procedural History of the Case

Mr. Lewis pled guilty to a violation of 18 U.S.C. § 2113 (a), (d), and (e) as charged in Count 1 of the Indictment in this case. That Count charged him with armed bank robbery with forced accompaniment (Amended Plea Agreement, Doc. No. 100, ¶ 1, PageID 1065), in violation of 18 U.S.C. § 2113 (e) which reads:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned for not less than ten years, or if death results shall be punished by death or life imprisonment.

When Mr. Lewis pled guilty, he admitted the truth of the following facts:

> On or about December 4, 2008, the defendant, **JEREMY E. LEWIS,** together with **JOHNNY B. WILKERSON aka "Johnny**

2

> **Wilkenson,"** and **TREY M. GETER,** aiding and abetting each other but led and organized by Lewis, robbed at gunpoint the Key Bank located at 4000 Linden Avenue, in Dayton, Ohio, which is within the Southern District of Ohio. At the time of the robbery, the Key Bank's deposits were insured by the Federal Deposit Insurance Corporation.
>
> On the morning of December 4, 2008, after agreeing to rob the Key Bank, Lewis, Wilkerson, and Geter entered the bank dressed in a manner to conceal their identity. Geter carried with him a loaded .45 caliber Taurus handgun, Model PT-145, Serial Number NYF93527. Upon entry to the bank, Geter fired the handgun for purposes of generally startling and gaining the attention and control of the customers and employees in the bank. Lewis and Geter then jumped the bank teller counter. Wilkerson remained in the lobby area. Lewis and Geter forced a teller - against her will - to accompany them to a separate area within the bank where additional cash was kept in a locked safe. Once there, the two ordered the teller to open the safe, which she was unable to do. In an effort to motivate the teller to open the safe, Geter fired the handgun once again, this time in close proximity to her, but the teller remained unable to open the safe. The firings of the handgun helped advance and were within the reasonably foreseeable scope of the agreement to rob the bank. Lewis and Geter returned to the lobby area of the bank, joined up with Wilkerson, and left the bank with over $7,000 cash.

(Amended Plea Agreement, Doc. No. 167, PageID 1073.) Upon his plea, Mr. Lewis was sentenced to the prison term he is now serving (Doc. Nos. 111, 112). A direct appeal to the Sixth Circuit was dismissed by that court *sua sponte* (Doc. No. 121). Mr. Lewis' Motion to Vacate under § 2255 followed (Doc. No. 124). The Court dismissed that Motion as untimely shortly after it was filed (Doc. No. 127). Defendant then filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(Doc. No. 136) which Judge Rose denied. On May 23, 2012, the Sixth Circuit denied Lewis a certificate of appealability on his appeal from that denial because the Motion to Vacate was untimely (*United States v. Lewis*, Case No. 12-3315, copy of slip opinion at Doc. No. 165, PageID 1418). On June 6, 2012, the court of appeals denied Lewis a certificate of appealability on his appeal from the underlying denial of the Motion to Vacate (*United States v. Lewis*, Case No. 11-4110, copy of slip opinion at Doc. No. 166). The court denied Lewis' equitable tolling claim as follows:

> To the extent that Lewis seeks to invoke equitable tolling of the limitations period, his attempt fails. Lewis is entitled to equitable tolling only if he shows that (1) "he has been pursuing his rights

diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (*citing Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010)); *see also Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012). Under a similar test, a petitioner has not carried his burden of showing diligence when he waits fourteen months after his conviction was final and two months after the statute of limitations expired before filing his petition. See *Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir. 2001). Lewis has not carried his burden of showing diligence because he waited sixteen months after his conviction was final and four months after the statute of limitations expired before filing his petition.

*Id.* at 1421.

Within days of the court of appeals' ruling, Lewis filed a new 60(b) Motion in which he sought equitable tolling by way of a claim of actual innocence (Doc. No. 167). Judge Rose denied that Motion on July 24, 2012 (Doc. No. 174). On June 26, 2013, the court of appeals denied a certificate of appealability, holding:

> Lewis contended that the district court's decision, denying his § 2255 motion as untimely, was in error because he is "entitled to equitable tolling through actual innocence." In support of his proposition, Lewis relied on Souter v. Jones, 395 F.3d 577 (6th Cir. 2005), where we held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally barred habeas petition, in accordance with *Schlup v. Delo*, 513 U.S. 298, 317 (1986). *See also McQuiggin v. Perkins*, 569 U.S. --- [133 S. Ct. 1924, 185 L. Ed. 2d 1019, 1035] (2013) (explaining that a proper showing of actual innocence is an "equitable exception" to the one year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1)).
>
> Lewis claims that forcing the bank teller at gunpoint to accompany him from the teller counter to the vault does not constitute forced accompaniment within the meaning of 18 U.S.C. § 2213(e). Consequently, according to Lewis, he is "actually innocent" of forced accompaniment, he is entitled to equitable tolling of the limitations period, and his § 2255 motion was timely when filed on August 23, 2011.
>
> Lewis's reliance on *Souter* and *Schlup* is misguided. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to

4

> have his otherwise barred constitutional claim considered on the merits." *Souter*, 395 F.3d at 315 (*citing Herrera v. Collins*, 506 U.S. 390, 404 (1993)). And the facts on which Lewis relies are not "newly discovered," as required by *Schlup*. "[P]risoners asserting [actual] innocence as a gateway to [procedurally] defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327) (emphasis added).
>
> As noted by the magistrate judge, all of the facts on which Lewis relies were known to him at the time he pleaded guilty, and Lewis is not now arguing that he has newly discovered evidence; rather, Lewis is arguing about the legal sufficiency of facts already of record when he pleaded guilty. The *Souter* exception to the statute of limitations does not apply when a petitioner's assertion of actual innocence is based, as here, solely on his interpretation of the law. *Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

*United States v. Lewis*, 6th Cir. Case No. 12-4085 (June 26, 2013)(copy of slip opinion at Doc. No. 182, PageID 1528-1529).

### Defendant's New Motion

Within two weeks of the Sixth Circuit's most recent denial, Mr. Lewis filed the instant Rule 60(b) Motion (Doc. No. 183). After reciting much of the above holding from the Sixth Circuit's last opinion in the case, he admits his reliance on *Schlup* and *Souter* was "misguided" and wants to substitute reliance on *Bousley v. United States*, 523 U.S. 614 (1998), *Vanwinkle v. United States*, 645 F.3d 365 (6th Cir. 2011), and *Waucash v. United States*, 380 F.3d 251 (6th Cir. 2004). Lewis then proceeds to argue again the facts of his case which he says are insufficient to ground a conviction under 18 U.S.C. § 2113(e).

Lewis does not understand the meaning of the last Sixth Circuit decision in his case. It is not his reliance on the "wrong" case law which was fatal to his actual innocence claim. Rather, he has not presented any new **evidence** which was unknown to him at the time he pled guilty.

5

The actual innocence gateway depends on new evidence, not new understandings of the law. The Sixth Circuit wrote:

> Lewis is not now arguing that he has newly discovered evidence; rather, Lewis is arguing about the legal sufficiency of facts already of record when he pleaded guilty. The *Souter* exception to the statute of limitations does not apply when a petitioner's assertion of actual innocence is based, as here, solely on his interpretation of the law.

*United States v. Lewis*, 6th Cir. Case No. 12-4085 (June 26, 2013)(copy of slip opinion at Doc. No. 182, PageID 1529). But is not just the *Souter* exception which depends on new facts, but the actual innocence exception generally. Neither *Bousley* nor *Vanwinkle* nor *Waucash* is to the contrary. In *Vanwinkle* the Court of Appeals held the actual innocence exception to procedural default was not available because Vanwinkle could not prove his actual innocence of all the charges made against him in the indictment. The procedural default there was failure to raise the claim on direct appeal, not the bar of the statute of limitations. *Waucash* does not involved any consideration of the actual innocence gateway at all.

*Bousley* involved a situation where the Supreme Court had found that certain conduct did not constitute a violation of the statute *Bousley* pled guilty to violating. The Court, which had previously applied retroactively its decision on the meaning of the word "use" in 18 U.S.C. § 924(c)(1)[1], held Bousley could take advantage of that retroactivity if he could show he was actually innocent of the other charges which had been made against him and which he had avoided by his guilty plea. Lewis offers no United States Supreme Court decision which holds that the facts he pled guilty to are insufficient to ground a conviction under 18 U.S.C. § 2113(e).

Lewis has still presented no new evidence of actual innocence. His most recent Rule 60(b) Motion should therefore be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Motion and the

---
[1] *See Bailey v. United States*, 516 U.S. 137 (1995).

Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 12, 2013.

                                                                s/ *Michael R. Merz*
                                                                United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).